IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN M. RUDOLPH,

                 Plaintiff,                 OPINION & ORDER

v.

                                                    14-cv-240-jdp

TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,
MINISTRY HEALTH CARE, MINISTRY ST.
MICHAEL'S HOSPITAL,

                 Defendant.

---

Plaintiff Susan M. Rudolph brings this civil action, alleging that the court has jurisdiction because her claims arise under the laws of the United States. Plaintiff alleges that defendants are responsible for her injuries due to fraud, negligence, and concealment. However, because the allegations in the complaint do not establish that this court has federal question jurisdiction, the court will give plaintiff an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint raises a federal question or alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Plaintiff states that the court has jurisdiction because "the complaint arises under the laws of the United States and the issues herein affect the health and economic well-being of its citizens." Dkt. 1, at 1. Plaintiff's case caption asserts claims of fraud, negligence, and concealment, which do not raise a federal question. The allegations in the complaint suggest potential claims of medical malpractice and products liability, which also do not raise a federal question. In her "Applicable Laws" section, plaintiff cites to the Code of Federal Regulations (specifically, 21 C.F.R. § 1020.33, 16 C.F.R. § 1028, 45 C.F.R. § 46, and 42 C.F.R. § 482.26). Dkt. 1, at 7-8. However, plaintiff does not allege that these regulations create a private cause of action. Moreover, the complaint as a whole indicates that plaintiff asserts liability under state law tort principles.

The "substantial federal question" doctrine provides that state law claims might "arise under" the laws of the United States if a complaint establishes that the right to relief under state law requires resolution of a substantial question of federal law. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). However, "it takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005)) (quotation omitted). The test for determining the existence of a substantial question of federal law is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable* at 314. The influence of federal law on the outcome of a tort claim is not sufficient to support federal question jurisdiction. *See Empire*, 547 U.S. at 700-701.

2

Here, the meaning of a federal regulation is not at issue. *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007)(noting that "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law" does not constitute a disputed, substantial question of federal law). In *Bennett*, the Seventh Circuit concluded that the presence of standards of care from federal law does not mean that tort claims arise under the laws of the United States. *Id.* at 912. Plaintiff's complaint alleges that defendants did not conform their behavior to certain federal regulations. Dkt. 1, at 7-8. This does not bring her claims within the purview of federal question jurisdiction. *See Grable*, 545 U.S. at 318-19 ("The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings . . . [it is] improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law.") (citations and quotations omitted). For these reasons, the court lacks federal question jurisdiction.

With respect to diversity jurisdiction, plaintiff's allegations do not allow this court to determine the citizenship of any party. Plaintiff states that she resides in Stevens Point, Wisconsin. This information is insufficient as "[r]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). An individual's citizenship is determined by his or her domicile, which is the place where the individual intends to remain (whereas residency may be temporary). *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The law requires that each party's citizenship be expressly alleged. As to defendants, plaintiff provides the headquarters and regional sales offices of Toshiba America Medical Systems, Inc.; and the information given for Ministry Health Care and Ministry St. Michael's Hospital is the addresses of their corporate

3

office and location, respectively. The citizenship of a corporation is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332. It is not clear whether defendants Ministry Health Care and Ministry St. Michael's Hospital are incorporated. In alleging their citizenship, plaintiff should be aware that "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). If any of its members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file by August 7, 2014, an amended complaint that establishes subject matter jurisdiction by alleging her citizenship and the citizenship of each defendant.

ORDER

IT IS ORDERED that:

1) Plaintiff shall have until August 7, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 10th day of July, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge